FILED

00 DEC -1 PM 12: 19

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ILYA KRAVETS,

    Plaintiff,

vs.                                          Case No. 3:00-cv-1294-J-21C

CANAM STEEL CORPORATION,

    Defendant.

_____/

## COMPLAINT

### PRELIMINARY STATEMENT

1. This suit is for damages and injunctive relief under the Americans with Disabilities Act of 1990, 42 U.S.C. §12117 et seq. and the Family and Medical Leave Act, 29 U.S.C. §2612 et seq., to remedy unlawful employment discrimination based upon disability and violation of the Family and Medical Leave Act.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343(a)(3)(4), 42 U.S.C. §12117 and 29 U.S.C. §2612.

### PARTIES

3. At all times relevant to this complaint, Plaintiff resided in Duval County, Florida.

4. At all times relevant to this Complaint, Defendant, Canam Steel Corporation,

is a foreign corporation licensed to do business in the State of Florida.

5. At all times relevant to this Complaint, Defendant employed Plaintiff at its facility in Jacksonville, Florida.

6. At all times relevant to this Complaint, Defendant has employed fifteen (15) or more people, and is an employer within the meaning of the above mentioned statutes.

## CONDITIONS PRECEDENT

7. All conditions precedent to bringing a civil action under 42 U.S.C. §2000e-5 (f)(1) have occurred or been complied with, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission within 180 days of the commission of the unlawful employment practice; a notification of Right to Sue was received from the Equal Employment Opportunity Commission on or about September 7, 2000; the complaint in this case was filed within ninety (90) days of the receipt of the notification of Right to Sue. All conditions precedent have been complied with and this lawsuit is timely filed.

## STATEMENT OF FACTS

8. On or about January 4, 1999, Plaintiff began working for Defendant and remained employed until he was unlawfully terminated.

9. Plaintiff worked as a shop order technician and performed above satisfactorily for Defendant. He also received salary increases.

10. During this period of time, Plaintiff suffered from bipolar disorder. As a result, he experienced, among other things, severe mood swings and incoherent speech.

11. On or about September 10, 1999, Plaintiff was hospitalized because of his illness and was treated for a chemical imbalance.

12. Plaintiff was released from hospital care on or about October 1, 1999. Plaintiff's medical provider informed Defendant that Plaintiff should be returned to work.

13. However, Defendant did not permit Plaintiff to return to work until the medical provider responded to correspondence from Defendant regarding Plaintiff's condition. The medical provider informed Defendant that Plaintiff could perform the essential functions of his job and that he did not pose a threat to himself or others.

14. On or about October 8, 1999, Defendant allowed Plaintiff to return to work. He continued to perform above satisfactorily for Defendant.

15. On or about April 14, 2000, Plaintiff requested leave or vacation time. He was experiencing emotional turmoil from his illness and was under a great deal of stress at work. Defendant permitted Plaintiff to leave work early.

16. On or about April 18, 2000, Plaintiff's wife informed Defendant that Plaintiff was ill and that he was in need of medical attention. Plaintiff was experiencing an episode related to his bipolar disorder.

17. Defendant claims that Plaintiff voluntarily and orally resigned his employment on that day.

18. However, Plaintiff was mentally impaired and not capable of making any such decision. Moreover, Defendant was aware of Plaintiff's impairment.

19. On or about April 20, 2000, Plaintiff's wife notified Defendant that Plaintiff had been involuntarily hospitalized because of his illness.

20. On or about April 28, 2000, Plaintiff met with Jim Burch, Defendant's Human Resource Manager, and requested Family Medical Leave. Mr. Burch said that he needed to check with Plaintiff's supervisor to determine who would do Plaintiff's work if he was to be out more than a week.

21. On or about May 5, 2000, Mr. Burch told Plaintiff that Defendant decided "to stick with Plaintiff's resignation" because the supervisor did not want Plaintiff to return because he had been out too many days.

22. Plaintiff requested that he be considered for a different department. Mr. Burch agreed to consider Plaintiff for another position.

23. On or about May 24, 2000, Defendant informed Plaintiff that Defendant decided not to allow Plaintiff to return to work and decided not to rehire him.

24. Defendant's articulated reasons for terminating Plaintiff's employment and/or not rehiring him and/or not allowing him to return to work were false and merely pretextual for illegal discrimination.

25. Defendant's conduct described above was done intentionally, willfully, maliciously and with a reckless disregard for Plaintiff's rights under federal law.

## COUNT I

## DISABILITY DISCRIMINATION IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT

26. Plaintiff hereby restates and realleges each and every factual allegation contained Paragraphs 1 through 25.

27. At all times material to this complaint, Plaintiff has been an individual with a "disability" within the meaning of §3(2) of the Americans with Disability Act, 42 U.S.C. §12102(2).

28. Plaintiff is a "qualified individual with a disability" as the term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of his job.

29. Defendant's decisions to terminate Plaintiff and/or not to rehire him and/or not to allow him to return to work were based upon his physical and/or mental impairment, and/or his record of such impairment and/or having been regarding as having such impairment.

30. The discriminatory practice described above was done by Defendant with malice or with reckless indifference to Plaintiff's federally protected rights.

31. Defendant's discrimination against Plaintiff due to his disability has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for lost wages, other pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary

losses.

WHEREFORE, Plaintiff demands a trial by jury and relief in the form of back pay, front pay, lost benefits, compensatory damages and emotional distress damages, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT II

### UNLAWFUL TERMINATION AND/OR RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §2612 ET SEQ.

32. Plaintiff hereby reinstates and realleges each and every factual allegation contained in Paragraphs 1 through 25.

33. At all times relevant to this complaint, Defendant has employed fifty (50) or more workers within a seventy-five (75) mile radius. Plaintiff also is employed within that seventy-five (75) mile radius, and worked there for at least twelve (12) months, and had worked at least twelve hundred fifty (1250) hours within the twelve (12) months preceding his termination. Plaintiff was therefore eligible for FMLA coverage.

34. Plaintiff's condition constitutes a "serious medical condition" under the FMLA. Defendant failed to provide Plaintiff FMLA protection for the serious medical conditions as stated above.

35. Defendant unlawfully terminated the Plaintiff in violation of the FMLA and/or unlawfully failed to rehire him and/or failed to allow him to return to work in

retaliation for his request for leave under the FMLA.

36. Defendant acted willfully and in bad faith and such that Plaintiff is entitled to recover liquidated damages in an amount equal to his lost wages and benefits.

WHEREFORE, Plaintiff demands a trial by jury in all issues so triable and relief in the form of economic damages, back pay and front pay, equitable relief, reinstatement, prejudgment interest, attorney's fees and costs, liquidated damages and any other such relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ARCHIBALD J. THOMAS, III, P.A.
Suite 1640, Riverplace Tower
1301 Riverplace Boulevard
Jacksonville, Florida 32207
(904) 396-2322
(904) 398-3271 (Facsimile)

_____
Archibald J. Thomas, III
Florida Bar No. 231657
Leonard S. Magid
Florida Bar No. 0717101
Trial Attorneys for Plaintiff